UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| JUAN DANIEL ACOSTA,<br><br>    Petitioner,<br><br>  v.<br><br>JENNIFER BARRETTO,[1]<br><br>    Respondent. | No. 2:16-cv-1582 JAM KJN P<br><br>FINDINGS & RECOMMENDATIONS |

I. Introduction

Petitioner is a state prisoner, proceeding pro se and in forma pauperis. Petitioner filed an application for petition of writ of habeas corpus pursuant to 28 U.S.C. § 2254. Pending before the court is respondent's amended motion to dismiss the habeas petition as barred by the statute of limitations. For the reasons set forth below, respondent's motion should be granted.

II. Legal Standards

Rule 4 of the Rules Governing Section 2254 Cases allows a district court to dismiss a petition if it "plainly appears from the face of the petition and any exhibits annexed to it that the petitioner is not entitled to relief in the district court. . . ." Id. The Court of Appeals for the Ninth

---

[1] Petitioner is currently incarcerated outside California. Because Jennifer Barretto is the current Chief Deputy Warden of the California Out-of-State Correctional Facility Unit, Ms. Barretto is substituted as respondent in this matter. Fed. R. Civ. P. 25(d); see Brittingham v. United States, 982 F.2d 378, 379 (9th Cir. 1992).

1

Circuit has referred to a respondent's motion to dismiss as a request for the court to dismiss under Rule 4 of the Rules Governing § 2254 Cases. See, e.g., O'Bremski v. Maass, 915 F.2d 418, 420 (1991). Accordingly, the court will review respondent's motion to dismiss pursuant to its authority under Rule 4.

On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA") was enacted. Section 2244(d)(1) of Title 8 of the United States Code provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court. The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1). Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2).

Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period. 28 U.S.C. § 2244(d)(2). Generally, this means that the statute of limitations is tolled during the time after a state habeas petition has been filed, but before a decision has been rendered. Nedds v. Calderon, 678 F.3d 777, 780 (9th Cir. 2012). However, "a California habeas petitioner who unreasonably delays in filing a state habeas petition is not entitled to the benefit of statutory tolling during the gap or interval

preceding the filing." Id. at 781 (citing Carey v. Saffold, 536 U.S. 214, 225-27 (2002)). Furthermore, the AEDPA "statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999), overruled on other grounds by Carey, 536 U.S. at 214. In Carey, the United States Supreme Court held that the limitation period is statutorily tolled during one complete round of state post-conviction review, as long as such review is sought within the state's time frame for seeking such review. Id., 536 U.S. at 220, 222-23. State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir. 2003) ("section 2244(d) does not permit the reinitiation of the limitations period that has ended before the state petition was filed"); Jiminez v. Rice, 276 F.3d 478, 482 (9th Cir. 2001).

III. Chronology

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1. In 2005, in case number 62-042582, a jury convicted petitioner of carjacking, five counts of second degree robbery, participation in a criminal street gang, vehicle theft, evading a police officer, and resisting or obstructing a peace officer. (Respondent's Lodged Document ("LD") 1.) After a court trial on the special allegations, the judge found petitioner sustained a prior strike conviction, as well as a prior conviction for a serious felony.

2. Petitioner was sentenced to a determinate state prison term of 34 years and four months, which included a consecutive eight-month term for violating probation in case number 62-032595. (LD 1-2.)

3. Petitioner filed an appeal. On October 2, 2006, the California Court of Appeal for the Third Appellate District affirmed the judgment, but remanded the case for resentencing. (LD 2.)

4. Petitioner filed a petition for review in the California Supreme Court, which was denied on December 13, 2006. (LD 3-4.)

////

1.     5. On remand, the trial court sentenced petitioner to a determinate state prison term of twenty-six years and four months, which again included a consecutive eight-month term for violating probation in case number 62-032595. (LD 5.)

    6. Petitioner filed an appeal. On March 3, 2008, the California appellate court affirmed the judgment, but directed the trial court to re-calculate petitioner's custody credits and prepare an amended abstract of judgment. (LD 6.)

    7. Petitioner did not seek review in the California Supreme Court. Petitioner was re-sentenced on June 18, 2008, pursuant to the appellate court's remand. (LD 7.) Petitioner did not appeal the re-sentencing.

    8. On October 20, 2015,[2] petitioner filed his first petition for writ of habeas corpus in the Placer County Superior Court. (LD 8.) On November 18, 2015, the superior court denied the petition as untimely, citing In re Clark, 5 Cal. 4th 750, 765 (1993); In re Robbins, 18 Cal. 4th 770, 780 (1998). (LD 9.)

    9. On December 31, 2015, petitioner filed a petition for writ of habeas corpus in the California Court of Appeal for the Third Appellate District. (LD 10.) On January 22, 2016, the appellate court denied the petition. (LD 11.)

    10. On February 28, 2016, petitioner filed a petition for writ of habeas corpus in the California Supreme Court. (LD 12.) On May 18, 2016, the California Supreme Court denied the petition as untimely, citing In re Robbins, 18 Cal. 4th 770, 780 (1998). (LD 13.)

    11. On July 4, 2016, petitioner constructively filed the instant federal petition. (ECF No. 1.) See Rule 3(d) of the Federal Rules Governing Section 2254 Cases.

IV.  Statutory Tolling

Under 28 § 2244(d)(1)(A), the limitations period begins running on the date that petitioner's direct review became final or the date of the expiration of the time for seeking such review. Id.

---

[2] All of petitioner's state court filings were given benefit of the mailbox rule. See Campbell v. Henry, 614 F.3d 1056, 1059 (9th Cir. 2010) (under the mailbox rule, the petition is deemed filed when handed to prison authorities for mailing).

4

Because petitioner did not file an appeal after his re-sentencing on June 18, 2008, his "time for seeking direct review" under § 2244(d)(1)(A) expired sixty days after that date, and his conviction became final on August 17, 2008. See Cal. R. Ct. 8.308(a) (requiring that appeals from criminal judgments be filed within sixty days of the rendition of judgment). The next day, August 18, 2008, the one year statute of limitations period began to run. Absent tolling, petitioner had until August 18, 2009, in which to file his federal habeas petition.

The statute of limitations period expired on August 18, 2009. Petitioner did not file any state court petition prior to the expiration of the limitations period. Rather, all of petitioner's habeas petitions filed in state court were filed after the limitations period expired. State habeas petitions filed after the one-year statute of limitations has expired cannot revive the statute of limitations and have no tolling effect. Ferguson, 321 F.3d at 823. Thus, petitioner's habeas petitions filed in state court in 2015 and 2016, provide no tolling.

Petitioner did not file his federal petition until July 4, 2016, over six years and ten months after the limitations period expired. Thus, petitioner failed to file his federal petition within the one year statute of limitations period.

In his opposition, petitioner primarily focuses on the merits of his underlying claims, which is not relevant to the issue of timeliness.[3] Petitioner also argues that (1) because California's timeliness rules are ambiguous and not firmly established, the state courts' determination that his state habeas petitions were untimely-filed should not bar this court's review, (2) because he challenges an unauthorized sentence, his federal petition is not barred by the statute of limitations, and (3) his ineffective assistance of counsel claim provides cause to excuse his procedural default. (ECF No. 22 at 8, 9.) Respondent counters that petitioner's reliance on procedural bars are unavailing because the AEDPA limitations period concerns an entirely different issue, and the California Supreme Court's denial of habeas relief with a citation

---

[3] Petitioner also argues that respondent should provide the trial transcripts because they are "essential" to support his claims. (ECF No. 22 at 2.) However, petitioner fails to demonstrate how the trial transcripts are pertinent to the issue of timeliness of his federal petition. If the petition was timely filed, or the court recommended respondent's motion to dismiss be denied, respondent would be required to file the trial transcripts for consideration of the merits of the petition.

5

to In re Robbins, 18 Cal. 4th at 780, is a "clear ruling" that the state petition was untimely. (ECF No. 23 at 3, citing Thorson v. Palmer, 479 F.3d 643, 645 (9th Cir. 2007).) In addition, respondent argues that because petitioner relies on a state law allegedly permitting a state appellate court to correct an unauthorized sentence at any time, such reliance is unavailing because the issue here focuses on the application of a federal statute of limitation. (ECF No. 23 at 3.) Finally, respondent contends that although Martinez v. Ryan, 132 S. Ct. 1309 (2012), provides that in some circumstances the ineffective assistance of counsel may serve as cause to excuse procedural default of a substantial ineffective assistance of trial counsel claim, such argument does not apply where, as here, the issue is whether a federal statute, § 2244(d), bars consideration of petitioner's federal habeas petition. (ECF No. 23 at 4.) Moreover, respondent argues that Martinez does not excuse, delay or toll the AEDPA limitations period. (ECF No. 23 at 4.)

Respondent's arguments are well-taken. A petitioner is not entitled to statutory tolling for any petition denied by the state courts as untimely because such a petition is considered "neither 'properly filed' nor 'pending'" in the state courts within the meaning of 28 U.S.C. § 2244(d)(2). Thorson, 479 F.3d at 645 (citing Bonner v. Carey, 425 F.3d 1145, 1149 (9th Cir. 2005) as amended by 439 F.3d 993 (9th Cir. 2006)). The Supreme Court has made clear that "[w]hen a postconviction petition is untimely under state law, that is the end of the matter for purposes of § 2244(d)(2)." Pace v. DiGuglielmo, 544 U.S. 408, 414 (2005). In addition, the Supreme Court has held that a citation to In re Clark and In re Robbins signals a habeas petition has been denied as untimely. Walker v. Martin, 562 U.S. 307, 310 (2011).

Here, as in Thorson, the California Supreme Court summarily denied petitioner's state habeas petition with a citation to In re Robbins, and cited the very page that sets forth the basic analytical framework governing California's timeliness determinations in habeas corpus proceedings. (LD 13, citing In re Robbins, 18 Cal. 4th at 780.) Because the superior court's citation to Clark and Robbins, and the California Supreme Court's citation to Robbins were clear rulings that petitioner's state court petitions were untimely, they were not "properly filed" under AEDPA. Therefore, petitioner is not entitled to statutory tolling for these untimely-filed state court petitions.

Moreover, petitioner's arguments based on the procedural default doctrine, which is distinct from the federal statute of limitations issue, are unavailing. See, e.g., White v. Martel, 601 F.3d 882, 883 (9th Cir.) (holding that the adequacy of analysis used to decide procedural default issues was inapplicable to the determination of whether a federal habeas petition is time-barred under AEDPA statute of limitations), cert. denied, 131 S. Ct. 332 (2010); see also Zepeda v. Walker, 581 F.3d 1013, 1018 (9th Cir. 2009) (In addressing procedural default argument in context of AEDPA one year limitation period, "Supreme Court precedent indicates that whether a condition to filing is firmly established and regularly followed is irrelevant.")

Because the limitations period expired on August 18, 2009, and petitioner constructively filed the instant petition almost seven years later, on July 4, 2016, the instant petition is time-barred unless he can demonstrate he is entitled to equitable tolling.

V. Equitable Tolling

"Equitable tolling may be available '[w]hen external forces, rather than a petitioner's lack of diligence, account for the failure to file a timely claim.'" McMonagle v. Meyer, 802 F.3d 1093, 1099 (9th Cir. 2015) (quoting Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir. 1999)). "A petitioner who seeks equitable tolling of AEDPA's one-year filing deadline must show that (1) some 'extraordinary circumstance' prevented him from filing on time, and (2) he has diligently pursued his rights." Luna v. Kernan, 784 F.3d 640, 646 (9th Cir. 2015) (citing Holland v. Florida, 560 U.S. 631, 649 (2010)).

"The threshold necessary to trigger equitable tolling [under AEDPA] is very high, lest the exceptions swallow the rule." Miranda v. Castro, 292 F.3d 1063, 1066 (9th Cir. 2002) (citation omitted).

> To apply the doctrine in "extraordinary circumstances" necessarily suggests the doctrine's rarity, and the requirement that extraordinary circumstances "stood in his way" suggests that an external force must cause the untimeliness, rather than, as we have said, merely "oversight, miscalculation or negligence on [the petitioner's] part, all of which would preclude the application of equitable tolling.

Waldron-Ramsey v. Pacholke, 556 F.3d 1008, 1011 (9th Cir.) (internal citation omitted), cert. denied, 130 S. Ct. 244 (2009); see also Stillman v. LaMarque, 319 F.3d 1199, 1203 (9th Cir.

2003) (petitioner must show that the external force caused the untimeliness). It is petitioner's burden to demonstrate that he is entitled to equitable tolling. <u>Espinoza-Matthews v. People of the State of California</u>, 432 F.3d 1021, 1026 (9th Cir. 2005).

In his opposition, petitioner does not claim he is entitled to equitable tolling. Petitioner claims that he cannot be faulted for lack of diligence because he requested an evidentiary hearing in the state courts, but was refused. The record reflects that following remand, petitioner was re-sentenced on June 18, 2008, and he was present and represented by counsel at the re-sentencing hearing. (ECF No. 1 at 45.) Petitioner fails to explain why he waited over seven years to file his first state habeas petition on October 20, 2015. Such delay cannot demonstrate diligence.

To the extent petitioner suggests that <u>Martinez v. Ryan</u>, 132 S. Ct. 1309, applies in this context, petitioner is mistaken. <u>Martinez</u> applies only to excusing procedural default and/or lack of exhaustion in state court. <u>See id.</u> at 1315. In <u>Martinez</u>, the Court held:

> Where, under state law, claims of ineffective assistance of trial counsel must be raised in an initial-review collateral proceeding, a procedural default will not bar a federal habeas court from hearing a substantial claim of ineffective assistance at trial if, in the initial-review collateral proceeding, there was no counsel or counsel in that proceeding was ineffective.

<u>Id.</u> at 1320. Thus, <u>Martinez</u> has no application to the statute of limitations in the AEDPA which governs petitioner's filing in federal court. <u>See</u> <u>McKinnie v. Long</u>, 2013 WL 1890618 (C.D. Cal. Apr. 5, 2013) ("<u>Martinez</u> dealt solely with the state procedural default doctrine, which is entirely different from the issue presented here of whether petitioner's claims are time barred under the AEDPA statute of limitations."); <u>Moore v. Williams</u>, 2013 WL 271454 at *5 (D. Nev. Jan. 23, 2013) ("Petitioner has conflated the federal timeliness question with the issue of whether a claim in the federal petition is barred due to procedural default in state court."). Accordingly, <u>Martinez</u> does not present a basis for equitable tolling.

Upon review of the facts presented in the court record, the undersigned concludes that nothing suggests the possibility of equitable tolling. Petitioner alleges no facts from which the undersigned could infer that his failure to raise his claims prior to the expiration of the limitations period was because of circumstances beyond his control and which made it impossible to file a

timely federal petition. Rather, it was petitioner's over six year delay in pursuing his federal court remedies, rather than extraordinary circumstances, that led him to exceed the limitations period. Therefore, the limitations period should not be equitably tolled.

VI. Evidentiary Hearing

Petitioner requested an evidentiary hearing, but appears to seek a hearing on the issues of procedural default and the merits of his claims. (ECF No. 22 at 8.)

The decision to grant an evidentiary hearing in a federal habeas case is left to the sound discretion of the district courts. Schiro v. Landrigan, 550 U.S. 465 (2007). When a habeas petitioner makes "a good-faith allegation that would, if true, entitle him to equitable tolling" the motion for an evidentiary hearing should be granted. Laws v. Lamarque, 351 F.3d 919, 921 (9th Cir. 2003). But a federal evidentiary hearing is unnecessary if the petitioner's claim can be resolved on the existing record. Totten v. Merkle, 137 F.3d 1172, 1176 (9th Cir. 1998). In addition, conclusory allegations, unsupported by specific facts, do not warrant an evidentiary hearing. Williams v. Woodford, 384 F.3d 567, 589 (9th Cir. 2002) (citing Phillips v. Woodford, 267 F.3d 966, 973 (9th Cir. 2001). "[A] petitioner's statement, even if sworn, need not convince a court that equitable tolling is justified should countervailing evidence be introduced." Laws, 351 F.3d at 924.

As set forth above, even if extraordinary circumstances did exist, petitioner was not diligent in pursuing his habeas litigation, because he waited over six years before filing the instant petition. Thus, the court finds it is not necessary to hold an evidentiary hearing.

VII. Conclusion

Accordingly, IT IS HEREBY RECOMMENDED that:

1. Respondent's motion to dismiss (ECF No. 19) be granted; and

2. This action be dismissed with prejudice.

These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l). Within fourteen days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties. Such a document should be captioned

"Objections to Magistrate Judge's Findings and Recommendations." If petitioner files objections, he shall also address whether a certificate of appealability should issue and, if so, why and as to which issues. A certificate of appealability may issue under 28 U.S.C. § 2253 "only if the applicant has made a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(3). Any response to the objections shall be served and filed within fourteen days after service of the objections. The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order. Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

Dated: April 13, 2017

/acos1582.mtd.hc.sol

KENDALL J. NEWMAN
UNITED STATES MAGISTRATE JUDGE